FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL - 7 2020

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

William D. Hyslop
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RAYMOND ZACK GUERRERO-GARCIA, <br><br> Defendant. | NO: 1:18-CR-02016-LRS <br><br> Plea Agreement |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney, and Thomas J. Hanlon, Assistant United States Attorney, for the Eastern District of Washington, and the Defendant, Raymond Zack Guerrero-Garcia, and the Defendant's counsel, Alex B. Hernandez, III., agree to the following Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C):

Plea Agreement     1

1. **Guilty Plea and Maximum Statutory Penalties:**

The Defendant agrees to enter a plea of guilty to Count 2 of the Indictment filed on March 13, 2018, charging the Defendant with Discharge of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(A)(iii).

The Defendant understands that the maximum statutory penalty for Discharge of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(A)(iii), is a term of no less than ten years imprisonment nor more than life imprisonment; a fine not to exceed $250,000; a term of supervised release of five years; and a $100 special penalty assessment.

2. **Video Proceedings:**

Pursuant to this Court's General Orders 20-101-3 (eff. March 30, 2020) and 20-101-7 (eff. June 23, 2020), and Section 15002(b) of the CARES Act, Pub. L. No. 116-136 (H.R. 748)(eff. March 27, 2020), the Defendant agrees to the use of video conferencing (or telephone conferencing if video conferencing is not reasonably available) for any eligible hearings listed in Section 15002(b) of the CARES Act, specifically detention hearings, initial appearances, preliminary hearings, waivers of indictment, arraignments, supervised release revocation proceedings, pretrial release revocation proceedings, and felony pleas and sentencings.

3. **Fed. R. Crim. P. 11(c)(1)(C):**

The Defendant understands that this Plea Agreement is entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C), and that the Defendant has the option to withdraw from this Plea Agreement if the Court imposes a sentence greater than agreed upon. The United States has the option to withdraw from this Plea Agreement if the Court imposes a sentence lesser than agreed upon.

Here, the United States and the Defendant agree to recommend that the court impose a sentence of 120 months imprisonment followed by five years of supervised release.

4. **Waiver of Constitutional Rights:**

The Defendant understands that by entering this plea of guilty the Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a)    The right to a jury trial;

    (b)    The right to see, hear and question the witnesses;

    (c)    The right to remain silent at trial;

    (d)    The right to testify at trial; and

    (e)    The right to compel witnesses to testify.

While the Defendant is waiving certain constitutional rights, the Defendant understands that he retains the right to be assisted through the sentencing and any

direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. The Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

5. **Elements of the Offense:**

The United States and the Defendant agree that in order to convict the Defendant of Discharge of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(A)(iii), the United States would have to prove beyond a reasonable doubt the following elements:

(1) the defendant committed the crime of Assault with a Dangerous Weapon as charged in Count 1 of the Indictment, which is a crime of violence;

(2) the defendant knowingly discharged a firearm during and in relation to that crime.

*9th Cir. Model Instruction 8.71 (2014) (modified)*

6. **Factual Basis and Statement of Facts:**

The United States and the Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for Defendant's guilty plea. This statement of facts does not preclude either party from presenting

and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

The Defendant is an enrolled member of the Confederated Bands and Tribes of the Yakama Nation. The Confederated Bands of the Yakama Nation is a federally recognized Indian tribe. The Defendant's bloodline is derived from a federally recognized Indian tribe. The Defendant receives assistance reserved to individuals who are members of the Confederated Bands and Tribes of the Yakama Nation.

On May 18, 2017, law enforcement officers responded to the Toppenish Community Hospital regarding a male who had been shot in each leg. Sergeant N. Boyer ("SGT Boyer") and Deputy B. McIlrath ("Deputy McIlrath") of the Yakima County Sheriff's Office ("YCSO") met with P.R. SGT Boyer and Deputy McIlrath observed that the P.R. had been shot in each leg. Deputy McIlrath asked P.R. to explain the incident. P.R. advised that in approximately January 2017, he (P.R.) had stolen "dope" from the Defendant and had also damaged the Defendant's car. P.R. explained that he thought that he and the Defendant had "made amends" since that time. P.R. advised that on May 18, 2017, he (P.R.) learned that the Defendant's mother had passed away. P.R. advised that he traveled to 30 Fraley Road, Toppenish, to meet with the Defendant to offer his condolences. P.R. advised that he saw the Defendant and approached him. P.R advised that the Defendant pulled out a gun, pointed it at his head, and stated, "I have been waiting for this day." P.R. stated

Plea Agreement 5

that the Defendant then shot him once in each leg. After the shooting, the Defendant entered P.R.'s vehicle and stole his stereo and other property. The Defendant then allowed P.R. to leave the property. P.R. entered his vehicle and drove to the hospital.

Deputy McIlrath and others traveled to Fraley Road. The officers approached 31 Fraley Cutoff Road, Toppenish.[1] The officers walked on the driveway and observed the following items on the ground: (1) blood; (2) P.R.'s identification card; (3) blood splatter; and (3) a bullet slug.

Deputy McIlrath contacted the homeowners. The homeowners advised that their mother had recently passed away. The homeowners advised that they woke up at approximately 11:30 p.m. after hearing multiple gunshots and someone screaming. The homeowners advised that they did not see the shooting. One of the homeowners advised that the Defendant often stays in his car in the driveway. The homeowner advised that the Defendant had just called and advised that he left "some stuff" on the car in the driveway.

On June 27, 2017, Special Agents B. Bach ("Agent Bach") and K. Alconaba ("Agent Alconaba") of the Bureau of Alcohol, Tobacco, and Firearms ("ATF") met with a female. The female advised that on May 18, 2017, she was with the Defendant at 31 Fraley Cutoff Road, Toppenish. The female advised that she was

---

[1] The residence and property are located within the external boundaries of the Yakama Nation Indian Reservation and in Indian Country as that term is defined in 18 U.S.C. § 1151.

Plea Agreement          6

sitting with the Defendant in his car. The female advised that the Defendant had a pistol on his lap. The female advised that she and the Defendant were discussing the death of the Defendant's mother. The female advised that she saw P.R. pull into the driveway. The female advised that P.R. exited his car, walked towards the Defendant, and stated, "hey bro, I am sorry about your mom." The female advised that the Defendant made a statement and shot P.R. The female advised that after the shooting, the Defendant took several items from P.R.'s vehicle. The female stated that she and the Defendant entered a vehicle and left the property.

7. **Waiver of Inadmissibility of Statements:**

The Defendant agrees to waive the inadmissibility of statements made in the course of plea discussions with the United States, pursuant to Fed.R.Crim.P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or breaches this Plea Agreement. The Defendant acknowledges that any statements made by the Defendant to law enforcement agents in the course of plea discussions in this case would be admissible against the Defendant in the Government's case-in-chief if the Defendant were to withdraw or breach this Plea Agreement.

8. **The United States Agrees:**

    (a.) Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon

information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

(b.)  Dismissal:

At sentencing, the United States agrees to dismiss Count 1 of the Indictment which charges Assault with a Dangerous Weapon, in violation of 18 U.S.C. §1153 and §113(a)(3).

9. **United States Sentencing Guideline Calculations:**

The guideline sentence is the minimum term of imprisonment required by statute. U.S.S.G. §2K2.4(b). Here, the minimum term of imprisonment required by statute is 10 years. 18 U.S.C. §924(c)(1)(A)(iii).

(a.)  Base Offense Level:

The United States and the Defendant agree that there is no applicable offense level, but the Defendant is subject to a mandatory sentence of not less than ten years imprisonment pursuant to 18 U.S.C. §924(c)(1)(A)(iii).

(b.)  Acceptance of Responsibility:

The United States and the Defendant agree that the provisions for acceptance of responsibility are not applicable.

(c.) **Criminal History:**

The United States and the Defendant agree that no criminal history computations are necessary, as the sentence is a mandatory period of incarceration, regardless of the Defendant's criminal history.

10. **Incarceration:**

The United States and the Defendant agree to recommend that the Court impose a sentence of 120 months imprisonment.

11. **Criminal Fine:**

The United States and the Defendant are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

12. **Supervised Release:**

The United States and the Defendant agree to recommend that the Court impose a five year term of supervised release, ~~and to include special conditions as recommended by United States probation, in addition to the standard conditions of supervised release~~.

13. **Mandatory Special Penalty Assessment:**

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing,

pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

If the Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, the Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

**14.  Restitution:**

The United States and the Defendant hereby stipulate, and agree that, pursuant to 18 U.S.C. §3663, §3663A, and §3664, the Court should order restitution to P.R. Furthermore, the United States and the Defendant hereby stipulate, and agree that, pursuant to 18 U.S.C. §3663, 3663A, and 3664, the Court should order restitution to all medical providers including but not limited to (1) Toppenish Community Hospital; and (2) the Crime Victim's Compensation Fund relating to injuries suffered by P.R. on or about May 18, 2017.  The Defendant reserves the right to object to the amount of restitution as determined in the Presentence Investigation Report.

**15.  Additional Violations of Law Can Void Plea Agreement:**

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the

Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

**16.    Appeal Rights:**

The Defendant waives any right to appeal this conviction and the sentence imposed by the Court. The Defendant also waives his right to appeal any restitution order so long as the restitution order does not exceed $50,000.00. The Defendant also waives any right to collaterally attack this conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack (except for ineffective assistance of counsel based on facts discovered after the plea and sentencing). The Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If the Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, the Defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the government to withdraw from the Plea Agreement.

**17.    Integration Clause:**

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and

Plea Agreement                                11

the Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

## Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

WILLIAM D. HYSLOP
United States Attorney

_____   7/6/20
THOMAS J. HANLON            Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other

than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

/s/ Raymond Zack Guerrero-Garcia    7-6-2020
RAYMOND ZACK GUERRERO-GARCIA    Date
Defendant

> I certify I reviewed this document with Raymond Guerrero-Garcia and he authorized my signature on his behalf. Alex B. Hernandez, Attorney - 7-6-20

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

Alex B. Hernandez, III
ALEX B. HERNANDEZ, III.    Date  7-6-2020
Attorney for the Defendant